PARKINSON et al. v. AMUNDSON et al.

No. 7842.   Decided December 5, 1952.   (250 P. 2d 944.)

See 20 C. J. S., Costs, sec. 218. Measure of attorney's compensation. 5 Am. Jur., Attorneys at Law, sec. 198; 143 A. L. R. 672.

*Claude T. Barnes,* Salt Lake City, for appellants.

*Pugsley, Hayes & Rampton* and *Calvin L. Rampton,* Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a finding that in the purchase of a house plaintiffs overpaid defendants by mistake. Affirmed. Costs to respondents.

Defendants agreed to build a house for plaintiffs. A contract was signed in April 1950. The consideration was $14,500. Plaintiffs made some payments. When nearly completed the house was appraised by a Veterans' Administration appraiser, who set the completed fair value at $13,750. Thereupon the parties wrote another contract for that figure.

Prior to completion some changes were made with respect to details of construction. A dispute arose as to who should bear the additional costs. Plaintiffs claim that misinformation given the escrow by defendants resulted in an overpayment by mistake. Defendants claim there is still a balance owing, for which they counterclaimed. Hence the evidence is in conflict, and both parties concede that the matter is one of arithmetic, not law.

The trial judge, as fact finder, concluded that the second contract was a re-write of the first, taking into account

payments which had been made in the interim; that the price was $14,500, plus $42 for additional tile work; that plaintiffs paid $14,801 and were entitled to $100 credit for insulation installed by them which defendants failed to complete, making a total payment of $14,901, and an overpayment of $359.

Defendants insist that plaintiff should be charged for added expense of changes made in the plans requiring extra wiring, cement work, etc. The trial judge apparently believed plaintiffs' account of the transaction,—that the changes were included in the price stated in the second contract. There is evidence of sufficient substance to sustain the finding, justifying affirmance under principles heretofore enunciated by this court.[1] The trial court awarded $250 as a fee for plaintiffs' attorney, and the figure does not appear unreasonable.

WOLFE, C. J., and WADE, McDONOUGH, and CROCKETT, JJ., concur.

[1]*Beagley* v. *United States Gypsum Co.*, 120 Utah 487, 235 P. 2d 783.